UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Ronald E. Schaefer,
Schaefer Ventilation
Equipment, LLC,

Plaintiffs,

vs. REPORT AND RECOMMENDATION

MIH Marketing Group, Inc.,
MIH Manufacturing, Inc.,
Dillon Industrial Fan Co.,
Dillon Industrial Fan Corp.,

Defendants. Civ. No. 00-2113(JRT/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 9th day of July, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

The Complaint in this matter was filed on September 11, 2000, and, on March 29, 2001, an Affidavit of Service was filed with the Court, which attests that the Defendants had been served, pursuant to Rule 4, Federal Rules of Civil Procedure, with the Summons and

FILED JUL 09 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

16

Complaint, on March 9, 2001.[1] In the ensuing weeks, the Defendants did not file an Answer to the Plaintiffs' Complaint or otherwise responsively plead, nor did they seek to have the Complaint dismissed, pursuant to Rule 12(b), Federal Rules of Civil Procedure.

Subsequently, on May 9, 2001, because our review of the file demonstrated that, despite proper service, the Defendants had not responded to the Plaintiffs' allegations, whether by means of an Answer, by some other responsive pleading, or by a Rule 12(b) Motion to Dismiss, we issued an Order which directed counsel for the Plaintiffs to proceed as follows:

> 1. Notify the Defendants immediately that they are required to serve and file their Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;
>
> 2. File an application for entry of default unless the required pleading is filed within 10 days of the referenced notification; or
>
> 3. Advise the Court in writing of any good cause to the contrary.

Counsel was further admonished that the failure to comply with these directives, within 20 days of the date of the Order -- that is, by March 29, 2001 -- could result in the case being dismissed

---

[1]Although the Complaint was served more than 120 days after its filing, the Plaintiffs did seek, and were granted, an extension of time in which to serve their Complaint.

for lack of prosecution. By Order submitted by the Plaintiffs, and signed by this Court on May 25, 2001, the deadline was extended to June 5, 2001.

However, notwithstanding our clear directives, counsel for the Plaintiffs has failed to abide by the terms of our Orders of May 9, 2001, and May 25, 2001. The Record lacks any indication that the Plaintiffs have advised the Defendants of their need to file appropriate documentation which complies with the terms of our Orders; no such documentation has been filed by the Defendants; no resulting application for entry of default has been filed by the Plaintiffs; and the Court has not been advised of any extraordinary circumstances which would render compliance with the Court's Orders either impracticable or otherwise unnecessary.

Consequently, because of the Plaintiffs' failure to adhere to the directives contained in our Orders of May 9, 2001, and May 25, 2001, we recommend the dismissal of the Plaintiffs' Complaint for lack of prosecution.

THEREFORE, It is --

RECOMMENDED:

That the Plaintiffs' Complaint be dismissed for failure to comply with the terms of our Orders of May 9, 2001, and May 25, 2001, and for lack of prosecution.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 26, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 26, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to

review the transcript in order to resolve all of the objections made.